**In the Matter of Kenneth R. & Alberta W. GEORGE, Debtors.**

**Bankruptcy No. 82–2406.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 20, 1983.

---

Raymond Farfante, Jr., Tampa, Fla., Parrish & Mulrooney, Memphis, Tenn., for debtors.

Charles F. Ketchey, Jr., Tampa, Fla., Richard Frockt, Louisville, Ky., for Liberty Bank.

Barry Elkin, St. Petersburg, Fla., for Royal Trust Bank.

ORDER ON MOTION FOR REHEARING
AND AMENDMENT OF FINDINGS
AND ORDER ON MOTION FOR OR-
DER ON MOTION FOR REHEARING
AND AMENDMENT OF FINDINGS

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon a Motion for Rehearing and Amendment of Findings filed by United Kentucky Bank (the Bank), a creditor of Kenneth R. and Alberta W. George, the Debtors in the above-styled Chapter 11 case. The Bank seeks a reconsideration of the Order on Motion to Transfer Case to the Western District of Kentucky which was entered by this Court on January 17, 1983. The Court denied the Bank's Motion to Transfer due to the fact that (1) the case was properly filed in the Middle District of Florida, and (2) the Bank failed to show with the requisite degree of proof that the Bankruptcy Court in and for the Western District of Kentucky provides a more convenient forum and that a transfer would best serve the interest of justice.

As grounds for the Motion for Rehearing and Amendment of Findings, the Bank contends that (1) the Debtor failed to list at least four secured creditors who are located in Kentucky; that (2) the Debtors' principal place of business is located in Louisville, Kentucky where they own significant business assets as well as maintain a personal residence; (3) the Bank is the largest secured creditor and the Debtors' ultimate reorganization will most likely center on the validity, vel non, of the Bank's claim, an issue which is currently pending in a Kentucky State Court action involving Kentucky State law and requiring the testimony of witnesses resident in Kentucky and (4) the Debtors' books and records are located in Kentucky.

The Court considered the record and finds as follows:

On November 15, 1982, the Debtors filed a Voluntary Petition for Relief pursuant to Chapter 11 in the Middle District of Florida. On November 29, 1982, the Bank filed a Complaint to Terminate the Automatic Stay in order to execute on a Kentucky state court judgment and to pursue other non-bankruptcy remedies. On December 10, 1982, the Bank filed a Motion to Transfer Case to the Western District of Kentucky. Because there was no doubt that the Chapter 11 case was properly filed in this District and the record which was then available to this Court failed to reveal sufficient facts to warrant transfer, the Motion to Transfer was denied.

Subsequent to the entry of the Order denying the Motion to Transfer, the Court conducted an extensive final evidentiary hearing in the adversary proceeding styled *Liberty National Bank v. Kenneth Ray George and Alberta Whitt George,* Adv. No. 82–961 (Complaint to Terminate Stay filed by the Bank). During the course of the trial, the Court was apprised of many facts which were previously unavailable to the Court. Thus, based on the expanded record, this Court is of the opinion that the Bank's Motion for Rehearing is well taken and the Order on Motion to Transfer warrants reconsideration. This being the case, this Court must now consider the entire record which reveals the following facts.

There is no doubt that the business assets which are central to the ultimate disposition of the case are located in Kentucky. Further, it appears from the record that the Western District of Kentucky provides a more convenient forum for both creditors and witnesses who might be called upon to testify in any further controversies which might arise in this Chapter 11 case; that the Debtors' currently travel between Florida and Kentucky for the purpose of conducting business and, therefore, a transfer of the case should not impose an additional travel burden or financial hardship.

In light of the foregoing, the Court finds that in the interest of justice for the convenience of the parties and in an effort to insure a more orderly and efficient administration of the estate, this Chapter 11 case and any pending adversary proceedings must be transferred to the Bankruptcy Court in and for the Western District of Kentucky.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Chapter 11 case and any pending adversary proceedings be, and the same hereby are transferred to the Bankruptcy Court in the Western District of Kentucky. It is further

ORDERED, ADJUDGED AND DECREED that the Clerk of the Bankruptcy Court be, and the same hereby is, directed to transmit the Chapter 11 case and all pending adversary proceedings forthwith.

DONE AND ORDERED at Tampa, Florida on June 20, 1983.